CP-2002-01                                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>    Joshua T. Andújar Figueroa | Querella<br><br>2002 TSPR 73<br><br>156 DPR _____ |

Número del Caso: CP-2002-1


Fecha: 13/mayo/2002


Oficina del Procurador General:
                        Lcda. Yvonne Casanova Pelosi
                        Procuradora General Auxiliar


Abogado de la Parte Querellada:
                        Por Derecho Propio



Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 17 de mayo de 2002, fecha
        en que se le notificó al abogado el Per Curiam y Sentencia)




    Este documento constituye un documento oficial del Tribunal
    Supremo que está sujeto a los cambios y correcciones del proceso
    de compilación y publicación oficial de las decisiones del
    Tribunal. Su distribución electrónica se hace como un servicio
    público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Joshua T. Andújar Figueroa

CP-2002-1

PER CURIAM

San Juan, Puerto Rico, a 13 de mayo de 2002

El 26 de noviembre de 2001, la Oficina del Procurador General presentó una querella contra el abogado Joshua T. Andújar Figueroa donde alegó que éste había incurrido en la conducta sancionada en la Sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. § 735. Esta Sección regula el desaforo o suspensión de la profesión de la abogacía a todo abogado que fuere encontrado culpable de delito grave o menos grave, engaño o conducta inmoral en conexión con el ejercicio de su profesión, o de cualquier delito que implicare depravación moral.

La Oficina del Procurador General acompañó la querella con una copia certificada de una sentencia de la Corte de Distrito Federal para el Distrito de Massachusetts. De ésta se desprende que dicho Tribunal acogió una alegación de culpabilidad del abogado querellado por seis (6) cargos de violación al Título 18 del United States Code, Sec. 1427 (venta ilegal de documentos de ciudadanía) y el Título 42 del United States Code Sec. 408(a)(7)(c) (venta de tarjetas de seguro social). Por estos ecayó sobre el abogado una sentencia de prisión por un término de dieciséis (16) meses. Se le impuso dicha sentencia el 19 de julio de 2001.

Para ofrecer un cuadro más completo del caso de autos, es menester remontarnos a sucesos antes de la presentación de la querella, que surgen del expediente personal del abogado.

El 28 de febrero de 2001, el abogado Joshua T. Andújar Figueroa presentó ante este Tribunal una Solicitud para que se eliminara su nombre del Registro de Abogados del Estado Libre Asociado de Puerto Rico. Ante esta solicitud de baja voluntaria, le requerimos al Colegio de Abogados que se expresara. Éste compareció y manifestó que la Comisión de Ética del Colegio de Abogados tenía objeción para autorizar esta baja voluntaria pues existía una querella contra el abogado radicada por el "Office of the Bar Counsel" del Tribunal Supremo de Massachusetts. Dicha querella estaba relacionada con el arresto del abogado en la ciudad de Boston.[1]

Luego de varios trámites procesales, el Colegio de Abogados, en una Moción para Someter Documentos con fecha de 11 de octubre de 2001, sometió la información sobre la convicción del abogado. Ante esas circunstancias, referimos el caso a la Oficina del Procurador General para la investigación y acción correspondiente. Como resultado de esta investigación, el Procurador presentó la querella antes mencionada de 9 de noviembre de 2001.

Luego de **múltiples intentos infructuosos** por notificar al querellado para que éste se expresara, si así lo deseaba, sobre la querella presentada, éste compareció el 1 de mayo de 2002, pero en vez de expresarse sobre la

---

[1] Estos hechos obviamente están relacionados con los eventos que culminaron en la sentencia federal que hoy nos ocupa.

querella, se limitó a solicitar una prórroga. Indicó que hacía un tiempo había cambiado de apartado postal. **A pesar que el querellado no cumplió con su deber de notificar su cambio de dirección**, tratamos de conseguir una dirección a donde notificarle, luego de que nos fuera devuelta, en varias ocasiones, la correspondencia enviada al apartado postal de Leominster. Fue debido a nuestro interés en notificar al querellado que nuestra última Resolución emitida en este caso se remitió a dos direcciones diferentes: la que obra en su récord como su última dirección y la dirección del centro de corrección que obra en la sentencia federal. En vista de lo anterior, y el patente y recurrente incumplimiento del querellado con su deber de notificarnos su cambio de dirección, se han retrasado innecesariamente e injustificadamente los procedimientos. Tomando en consideración todo lo anteriormente expuesto, denegamos la prórroga solicitada y procedemos a dictar sentencia sin el beneficio de la comparecencia del querellado.

De lo antes expuesto, surge con meridiana claridad que los delitos cometidos por el abogado querellado implican depravación moral, o sea, falta de honradez,[2] y que el abogado aceptó, al hacer alegaciones de culpabilidad, la comisión de los hechos. Así pues, y examinando el expediente personal del abogado,[3] procedemos a decretar la **separación inmediata e indefinida** del abogado Joshua T. Andújar Figueroa y a ordenar la eliminación de su nombre del Registro de Abogados del Estado Libre Asociado de Puerto Rico, hasta que otra cosa disponga este Tribunal.

Se dictará la correspondiente sentencia.

---

[2]    Según expresado en *In re* Ramiro Colón Muñoz, res. el 27 de octubre de 1999, 99 T.S.P.R. 174, la depravación moral consiste en hacer algo contrario a la justicia, **a la honradez**, a los buenos principios o a la moral.

[3]    Surge del expediente personal del querellado que éste había sido apercibido y suspendido de la profesión de abogado en una ocasión anterior por no pagar la cuota colegial. La Per Curiam suspendiendo al abogado Andújar Figueroa tiene fecha de 12 de junio de 1998, notificada el 23 de junio de 1998. Luego de haber pagado la cuota, el 10 de julio de 1998, el abogado presentó una Moción de Reinstalación, autorizada por este Tribunal el 25 de agosto de 1998, notificada el 27 de agosto.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Joshua T. Andújar Figueroa

                              CP-2002-1

                              SENTENCIA

        San Juan, Puerto Rico a 13 de mayo de 2002

        Vista la querella presentada por la Oficina del Procurador General, y el expediente personal del abogado, procedemos a decretar la separación inmediata e indefinida del abogado Joshua T. Andújar Figueroa y a ordenar la eliminación de su nombre del Registro de Abogados del Estado Libre Asociado de Puerto Rico, hasta que otra cosa disponga este Tribunal.

        Notifíquese a la Oficina del Procurador General y al querellado, Joshua T. Andújar Figueroa, a su nueva dirección, según ésta aparece en la última comparecencia del querellado ante nos con fecha de 1 de mayo de 2002:

        PO Box 1609
        Fitchsburg, MA 01420-1609

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Fuster Berlingeri concurre sin opinión escrita.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo